# EXHIBIT 1

Filing # 88262023 E-Filed 04/19/2019 04:19:49 PM

IN THE COUNTY COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

GERARD FORTE,

    Plaintiff,

v.

STRALEY & OTTO, P.A.,

    Defendants.

_____ /

## COMPLAINT
## VIOLATION OF THE FDCPA

    Plaintiff, GERARD FORTE, files his complaint against Defendant, STRALEY & OTTO,

P.A., and states as follows:

### JURISDICTION & VENUE

    1.    This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692, et. seq.

    2.    Jurisdiction in this case is based upon 15 U.S.C. § 1692k which grants to this

Court jurisdiction to hear this action.

    3.    This Court has personal jurisdiction over this lawsuit pursuant to § 48.193, Fla.

Stat., because STRALEY & OTTO operated, conducted, or engaged in business in Florida.

    4.    Pursuant to § 47.051, Fla. Stat. venue is proper in this Court because: (a) the

causes of action alleged herein accrued in Miami-Dade County; and, (b) the subject property is

located in Miami-Dade County, Florida.

## PARTIES

5.      The Plaintiff, Gerard Forte, owns a condominium unit located at 16850 S. Glades Drive, Unit 2E, Miami, Florida 33162.

6.      Mr. Forte has held legal title to the unit since November 27, 2013.

7.      Mr. Forte's condominium unit is used primarily for personal, family, or household purposes, to wit, it is his personal residence.

8.      Mr. Forte has used the condominium unit as his personal residence since at least November 27, 2013.

9.      Mr. Forte is a consumer as defined in 15 U.S.C. § 1692a(3).

10.     The Defendant, Straley & Otto, is a law firm with a principal place of business of 2699 Stirling Road #C207, Fort Lauderdale, Florida 33312.

11.     Straley & Otto is actively involved in business in Miami-Dade and Broward Counties, Florida.

12.     Straley & Otto was retained by Andor Plaza Association, Inc. to collect past due amounts allegedly owed to Andor Plaza by Mr. Forte.

13.     Straley & Otto regularly represents associations in the collection of past due amounts.

14.     Straley & Otto actively advertises that its firm provides collection services to community associations.

15.     Straley & Otto's own website identifies that it represents "400+" associations and describes their collection services as:

> Straley Otto provides assessment collections for our clients, with state-of-the-art technology. We provide status reports on all active collection files, which are available online with a secure password. Assessment collection is a primary focus in our law firm, as we

understand that our client's finances are the lifeblood of the community. Upon receipt of a unit history and client request, we will, within 24 hours, prepare and send the statutorily-required demand letter to a delinquent owner. At the deadline for payment, if payment is not received, we automatically proceed, preparing and recording a Claim of Lien and sending the second statutorily-required letter together with the Claim of Lien. We recommend, but ultimately our clients decide, to allow payment agreements with delinquent unit owners (which can improve a community's cash flow), but should the owner default on these agreements, or fail to otherwise pay the delinquent sums due, we move forward to the next step which is, generally, foreclosure. We notify our clients and obtain approval prior to filing a foreclosure action, but because we do not generally invoice our clients for legal fees and costs for demand letters and claims of lien, we request a quick approval of the foreclosure action, when appropriate, to improve the potential of collecting funds from the delinquent unit owner.

16.     Straley & Otto is a debt collector as defined in 15 U.S.C. § 1692a(6).

## FDCPA VIOLATIONS

### I.     APRIL 19, 2018, COLLECTION LETTER.

17.     On April 19, 2018, Straley & Otto sent a collection letter to Mr. Forte demanding payment of a $300.00 fee for repairs.

18.     The April 19, 2018, collection letter stated:

Third – you have previously been advised that you are not to install decorations which in any way change the appearance of any portion of the exterior of the apartment building. You have, in this matter as in others, willfully violated the association's governing documents. Although you apparently removed some of your previous decorations, leaving damage upon the surface of the building (which the association repaired, and for which you are liable), you have decided to violate the Association's governing documents once more by installing new decorations, as well as cameras, on the exterior of the building. This will not be tolerated. Therefore, demand is hereby made that this violation be corrected, at once, and that you reimburse the Association for the cost of the prior repairs of which you are already aware. . . . Demand is also made that you reimburse the Association the cost of the above referenced repairs, amount of $300, **by no later than May 04, 2018.**

3

19.   The April 19, 2018, letter further advised Mr. Forte that if he failed to comply with that letter a lawsuit would be filed against him to obtain "monetary for which you are liable."

20.   The April 19, 2018, letter concluded that:

> Please be advised that, should legal action become necessary, all named defendants will be held responsible for the attorneys' fees and costs incurred by the Association in enforcing the provisions of its governing documents.

21.   A copy of the April 19, 2018, letter is attached as **Exhibit A**.

22.   Andor Plaza's contractual right to charge Mr. Forte a fee for repairs, if any such right exists, is based on Section 5.1b of the Amended and Restated Declaration of Andor Plaza Condominium.

23.   Section 5.1b of the Amended and Restated Declaration of Andor Plaza Condominium states:

> SECTION 5:- MAINTENANCE,       ALTERATION       AND IMPROVEMENT
>                                     ***
> 5.1b(1)**Scope of Apartment Owner's Maintenance.**  Apartment owners shall maintain, repair and replace at his expense all portions of his apartment balcony, windows, screens, frames, porches, storm shutters, and doors.   Except the portions to maintained, repaired and replaced by the Association.  Such shall be done without disturbing the rights of other apartment owners.

24.   A copy of the relevant pages of the Declaration of Condominium is attached as **Exhibit B**.

25.   Mr. Forte's account ledger shows that his assessment payments have been applied to the aggregate amount alleged to be owed on his account which includes the $300.00 charge for repairs.

4

26.     Andor Plaza thus considers the $300.00 repair charge no differently than Mr. Forte's other contractual obligations to it including his obligation to pay assessments.

27.     Mr. Forte seeks statutory damages pursuant to 15 U.S.C. § 1692k.

28.     Mr. Forte seeks recovery of attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## II.     JANUARY 11, 2019, LETTER

29.     Mr. Forte disputed the $300.00 charge for repairs with Andor Plaza.

30.     Mr. Forte also disputed fees or charges associated with the "camera," a ring doorbell, because the camera was installed as a reasonable accommodation of a handicap as allowed by the Fair Housing Act.

31.     Mr. Forte also disputed fees or charges related to attorney's fees posted to his account for non-collection related activities because the contractual agreement does not entitle Andor Plaza to recover these fees if Andor Plaza did not prevail in any cause of action against Mr. Forte.

32.     On or about April 2018, Andor Plaza elected to recalculate Mr. Forte's balance to include numerous illegal fees or charges and to apply Mr. Forte's past assessment payments towards these fees and charges in order to retaliate against him for exercising a federally protected right.

33.     A December 31, 2016, ledger produced in discovery by Andor Plaza, in Miami-Dade Circuit Court Case No. 2017-002064-CA, showed that Mr. Forte had a credit balance of $773.08.

5

34.     A June 30, 2018, ledger provided by Andor Plaza to Mr. Forte showed that as of December 31, 2016, Mr. Forte owed $1,237.78.

35.     The December 31, 2016, ledger and the June 30, 2018, ledger reflect a difference of $2,010.86 for the same date.

36.     The June 30, 2018, ledger shows approximately $2,000.00 in fees or charges for "other reserves" which did not exist as of December 31, 2016.

37.     On January 11, 2019, Straley & Otto sent a collection letter to Mr. Forte on behalf of its client, Andor Plaza.

38.     The January 11, 2019, letter notified Mr. Forte that amounts "are currently due on your account to Andor Plaza Association, Inc., and must be paid within 30 days after your receipt of this letter."

39.     The January 11, 2019, letter stated a "TOTAL OUTSTANDING" balance of $2,103.05."

40.     The $2,103.05 amount included a demand for payment of "maintenance due" of $1,810.45 for the months of June 1, 2018 through January 1, 2019.

41.     A copy of the January 11, 2019, letter is attached as **Exhibit C**.

42.     Mr. Forte has since obtained an April 17, 2019, ledger from Andor Plaza which now shows numerous adjustments and/or credits removing the majority of the fees or charges for "other reserves" and again resulting in a credit balance.

43.     Mr. Forte's account balance has fluctuated over the last several years ranging from Mr. Forte owing amounts to Andor Plaza to Mr. Forte actually owing nothing at all to Andor Plaza due solely to Andor Plaza recalculating amounts owed in an attempt to recover amounts not legally owed.

44.     Andor Plaza, when it recalculates Mr. Forte's balance to show an amount due, then has its legal counsel send yet another collection letter seeking amounts not owed, threatening a lien, and threatening a foreclosure action.

45.     Mr. Forte then disputes the debt resulting in the removal of the improper charges.

46.     Mr. Forte has suffered significant emotional distress because no matter how many times he disputes the debt and no matter how many debt collectors he sues pursuant to the FDCPA, Andor Plaza will again seek to collect amounts that Mr. Forte does not legally owe after it obtains new legal counsel.

47.     The reoccurring nature of this debt has caused Mr. Forte to suffer anxiety, stress, embarrassment because, no matter what he does, a new collection letter will soon be sent again seeking to collect amounts from Mr. Forte that he does not legally owe.

48.     Mr. Forte's relationship with his significant other has also deteriorated due to the anxiety, stress, and embarrassment caused by Straley & Otto's attempt to collect amounts not legally owed to Andor Plaza.

49.     Mr. Forte medical condition has been exacerbated by the anxiety, stress, and embarrassment caused by Straley & Otto's attempt to collect amounts not legally owed to Andor Plaza.

50.     Mr. Forte has encountered difficulty sleeping due anxiety, stress, and embarrassment caused by Straley & Otto's attempt to collect amounts not legally owed to Andor Plaza.

51.     Straley & Otto has further applied Mr. Forte's assessment payment towards its attorney's fees that it is not legally required to collect because those fees are the direct result of its decision to violate the FDCPA.

7

52.  Mr. Forte is entitled to actual damages.

53.  Mr. Forte is entitled to statutory damages pursuant to 15 U.S.C. § 1692k.

54.  Mr. Forte is entitled to recover attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

A.  **COUNT I - VIOLATION OF 15 U.S.C. § 1692e(11) (April 19, 2018, Letter).**

55.  Mr. Forte re-alleges and incorporates paragraphs 1 through 28 by reference herein.

56.  15 U.S.C. § 1692e(11) states:

The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

57.  The April 19, 2018, letter contains no language which states that Straley & Otto is a debt collector.

58.  The April 19, 2018, letter contains no language that identifies that the communication is from a debt collector.

59.  Mr. Forte suffered an informational injury, to wit, he did not receive proper disclosure as required by the FDCPA and thus was precluded from exercising his rights under the FDCPA.

60.  Straley & Otto violated 15 U.S.C. § 1692e(11) by failing to include in its April 19, 2018, letter the disclosure required by § 15 U.S.C. 1692e(11).

8

WHEREFORE, Plaintiff, GERARD FORTE, respectfully requests that judgment be entered against the Defendant, STRALEY & OTTO, for the following:

A.      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).[1]

B.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

C.      For such other relief as may be just and proper.

B.   **COUNT II - VIOLATION OF 15 U.S.C. 1692g(a) (April 19, 2018, Letter).**

61.     Mr. Forte re-alleges and incorporates paragraphs 1 through 28 by reference herein.

62.     15 U.S.C. § 1692g(a) states:

(a) Notice of debt; contents
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

---

[1] Statutory damages are limited to $1,000.00 per lawsuit. Hence, the fact that there are multiple FDCPA violations alleged or that there are two (2) letters identified in this lawsuit does not allow Mr. Forte to recover more than $1,000.00 in statutory damages.

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

63.    The April 19, 2018, letter does not contain any language advising Mr. Forte of his right to dispute the debt, obtain verification of the debt, or to obtain the address of the original creditor as required by 15 U.S.C. § 1692g(a)(3) – (4).

64.    Straley & Otto also failed to send "within five days after the initial communication" a written notice containing the information as required by 15 U.S.C. § 1692g(a)(3) – (4).

65.    Mr. Forte thus suffered an informational injury, to wit, he did not receive proper disclosure as required by the FDCPA and thus was precluded from exercising his rights under the FDCPA.

66.    Straley & Otto violated 15 U.S.C. § 1692g(a) by failing to provide the required disclosures required by § 15 U.S.C. 1692g(a) in either the April 19, 2018, letter or via a written notice sent within five days after the initial communication.

**WHEREFORE**, Plaintiff, GERARD FORTE, respectfully requests that judgment be entered against the Defendant, STRALEY & OTTO, for the following:

A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

B.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

C.    For such other relief as may be just and proper.

C.    **COUNT III - VIOLATION OF 15 U.S.C. § 1692e(11) (January 11, 2019, Letter).**

67.    Mr. Forte re-alleges and incorporates paragraphs 1 through 16 and 29 through 54 by reference herein.

10

68.    15 U.S.C. § 1692e(2) prohibits:

The false representation of –

(A)    the character, amount, or legal status of the debt; or,

69.    Mr. Forte was not legally required to pay "other reserves."

70.    Andor Plaza is not legally entitled to collect a fee or charge for "other reserves."

71.    The ledger entries for "other reserves" are improper charges that were reclassified as "other reserves" to conceal the illegal nature of those charges.

72.    A charge for repairs was reclassified as "other reserves."

73.    A duplicate assessment charge was reclassified as "other reserves."

74.    An attorney fee was reclassified as "other reserves."

75.    Andor Plaza reclassified these charges so that it could apply Mr. Forte's payments in a manner contrary to Florida law.

76.    Andor Plaza reclassified these fees or charges so it could illegally place a lien on Mr. Forte's unit and foreclose that unit.

77.    Straley & Otto failed to verify the legal basis of the fees or charges for "other reserves."

78.    Straley & Otto's January 11, 2019 misrepresented the amount of assessments owed or reclassified "other reserves" as assessments.

79.    Straley & Otto's January 11, 2019 also misrepresented the amount of the debt because many of the fees or charges it sought to collect were not legally owed and thus could not be collected from Mr. Forte.

80.    Straley & Otto by seeking to collect amounts not legally owed, and by falsely characterizing Mr. Forte's alleged debt as past due maintenance as opposed to "other reserves,"

11

violated 15 U.S.C. § 1692e(2)(A) by misrepresenting "the character, amount, or legal status of the debt."

WHEREFORE, Plaintiff, GERARD FORTE, respectfully requests that judgment be entered against the Defendant, STRALEY & OTTO, for the following:

A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

B.    Actual damages.

C.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

D.    For such other relief as may be just and proper.

**D.    COUNT IV - VIOLATION OF 15 U.S.C. § 1692e(4), (5) (January 11, 2019, Letter).**

81.    Mr. Forte re-alleges and incorporates paragraphs 1 through 16 and 29 through 54 by reference herein.

82.    15 U.S.C. § 1692e(4), (5) prohibits:

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

83.    Mr. Forte owed no past due assessments when Straley & Otto sent him the January 11, 2019, letter that threatened him with the filing of a lien against his property.

84.    Alternatively, the past due assessments as stated in Straley & Otto's January 11, 2019, letter were greatly in excess of the amount of the assessments legally owed.

85.    Straley & Otto could not file a lien to secure assessments that were not legally owed.

86.     Straley & Otto by threatening to file a lien for assessments that were not legally owed, or in excess of the amount of assessments that were legally owed, violated 15 U.S.C. § 1692e(4), (5)(A).

WHEREFORE, Plaintiff, GERARD FORTE, respectfully requests that judgment be entered against the Defendant, STRALEY & OTTO, for the following:

A.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

B.     Actual damages.

C      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

D.     For such other relief as may be just and proper.

E.     **COUNT V - VIOLATION OF 15 U.S.C. § 1692f(1) (January 11, 2019, Letter).**

87.     Mr. Forte re-alleges and incorporates paragraphs 1 through 16 and 29 through 54 by reference herein.

88.     15 U.S.C. § 1692f(1) states:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

89.     Mr. Forte was not legally required to pay "other reserves."

90.     Andor Plaza is not legally entitled to collect a fee or charge for "other reserves."

91.     The ledger entries for "other reserves" are improper charges that were reclassified as "other reserves" to conceal the illegal nature of those charges.

92.   A charge for repairs was reclassified as "other reserves."

93.   A duplicate assessment charge was reclassified as "other reserves."

94.   An attorney fee was reclassified as "other reserves."

95.   Straley & Otto's January 11, 2019, letter sought to collect "other reserves" that it could not legally collect pursuant to Andor Plaza's declaration of condominium.

96.   Straley & Otto failed to verify the legal basis of the fees or charges for "other reserves" before sending the January 11, 2019, collection letter to Mr. Forte.

97.   Straley & Otto instead improperly characterized "other reserves" as past due "maintenance" to avoid its obligations under the FDCPA to verify Andor Plaza's legal right to collect "other reserves" before sending the January 11, 2019, collection letter to Mr. Forte.

98.   Straley & Otto by seeking to collect amounts not legally owed, or by improperly characterizing "other reserves" as assessments, violated 15 U.S.C. § 1692f(1).

**WHEREFORE,** Plaintiff, GERARD FORTE, respectfully requests that judgment be entered against the Defendant, STRALEY & OTTO, for the following:

A.   Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

B.   Actual damages.

C.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

D.   For such other relief as may be just and proper.

**Dated:** April 19, 2019.                    Respectfully Submitted,


                                        s/ Michael T. Ross
                                        Michael T. Ross, Esq.
                                        FBN 91623
                                        Law Office of Michael T. Ross, P.A.
                                        5555 Hollywood Blvd. #303
                                        Hollywood, Florida 33021
                                        Phone: (786) 558-0281

14

E-mail: michael@flc-law.com


## DEMAND FOR JURY TRIAL

Plaintiff, GERARD FORTE, hereby demands a trial by jury on all issues so triable.

Dated:  April 19, 2019.

Respectfully submitted,

/s/ Michael T. Ross
Michael T. Ross, Esq.
FBN 91623
Law Office of Michael T. Ross, P.A.
5555 Hollywood Blvd., #303
Hollywood, Florida 33021
Phone: (786) 558-0281
Fax: (786) 353-0783
E-mail: michael@flc-law.com

# STRALEY | OTTO

April 19, 2018

Kenneth Occhipinti and Gerard Forte
16850 S. Glades Dr., Unit 2-E            *VIA CERTIFIED AND*
N. Miami Beach, FL 33162                  *REGULAR U.S. MAIL*

RE:   Andor Plaza Association, Inc.
      Restrictive Covenant Violations (Numerous)
      Property Address: 16850 S. Glades Dr., Unit 2-E, N. Miami Beach, FL 33162

Dear Mr. Occhipinti and Mr. Forte:

Please be advised that this office represents Andor Plaza Association, Inc., as general counsel. In connection therewith, the Board of Directors of the Association has contacted our office regarding several restrictive covenant violations committed by you, and which are related to your unit.

*Quitclaim Deed Void*

First – as you should be fully aware, pursuant to the Declaration of Condominium, no transfer of a unit at the condominium is permitted without the prior written approval of the Board of Directors of the Association. Pursuant the Declaration, any unapproved transfer is void and transfers no interest whatsoever in the unit. Despite this, the Association has become aware that there was a Quit Claim Deed recorded in Miami-Dade County's public records purportedly transferring an ownership interest in the above-referenced unit to Gerard Forte. This act, performed without prior notice to the Association, application and screening of Mr. Forte, or the prior written approval of the Association's Board, is a clear violation of the governing documents of the Association. As set forth above, said transfer is void, as it was not authorized pursuant to the terms of the governing documents of the Association.

... unit whatsoever to you ...

existence of the deed in the public records constitutes a violation of the governing documents of the Association. Therefore, demand is hereby made that this violation be corrected at once. Specifically, **by no later than May 04, 2018**, a quitclaim deed must be executed by Gerard Forte and must be recorded in the Miami-Dade County Public Records conveying sole ownership of the condominium unit back to Kenneth Occhipinti, who is the *only* approved owner and occupant of the unit.



2699 Stirling Road, Suite C-207, Fort Lauderdale, FL 33312
954-962-7...                    ...OM                    305-893-0566

EXHIBIT A

April 19, 2018
Mr. Occhialini and Mr. Forte
Astor Plaza Restrictive Covenant Violations
Page 2 of 3

*Unapproved Occupant*

Second – as all persons owning or responsible for condominium units in the community should be aware, all tenants and residents of condominium units in the community must be screened and approved for occupancy prior to commencing occupancy at a unit. The occupancy of the above unit by Mr. Forte, who has not been approved by the Association for same, is in clear violation of the governing documents of the Association. Again, as required by the Association's governing documents, ALL residents must be approved *prior to* commencing residency. Therefore, demand is hereby made that this violation be corrected, at once. Specifically, <u>by no later than May 04, 2018</u>, you must ensure that Gerard Forte, and any other unapproved residents of your condominium unit, have vacated the unit.

*Unauthorized Decorations and Cost of Repairs*

Third – you have previously been advised that you are not to install decorations which in any way change the appearance of any portion of the exterior of the apartment building. You have, in this matter as in others, willfully violated the association's governing documents. Although you apparently removed some of your previous decorations, leaving damage upon the surface of the building (which the association repaired, and for which you are liable), you have decided to violate the Association's governing documents once more by installing new decorations, as well as cameras, on the exterior of the building. This will not be tolerated. Therefore, demand is hereby made that this violation be corrected, at once, and that you reimburse the Association for the cost of the prior repairs of which you are already aware. Specifically, <u>by no later than May 04, 2018</u>, you must ensure that all decorations, cameras or other objects hung, installed, or placed by you or any visitor to/occupant of your unit, which in any way change the appearance of any portion of the exterior of the apartment building, are removed. Demand is also made that you reimburse the Association for the cost of the above referenced repairs, amount of $300, by no later than May 04, 2018. Payment must be remitted by cashier's check or money order to Straley Otto [...] Ste. C, 207, Ft. Laud, Fla. FL 33312. You must also ensure [...] name [...] re [...] d payment

Fourth – it has come to the attention of the Association that Mr. Forte, and possibly others within your unit, has engaged in egregious and unacceptable behavior, such as regularly confronting unit owners in a hostile manner. This practice is a source of annoyance to residents of the community, and has have interfered with their peaceful possession of their units. As such, this practice constitutes a nuisance and will not be tolerated. Therefore, you are instructed to <u>immediately cease</u>, and ensure that all occupants of/visitors to your unit likewise <u>immediately cease</u>, any and all behavior and practices which constitute a nuisance.

April 19, 2018
Mr. Occhipinti and Mr. Forte
Andor Plaza/Restrictive Covenant Violations
Page 2 of 3

Upon compliance with the above demands, this office must be provided with written notification that:

1. The above referenced deed has been recorded;
2. All unapproved occupants have been removed from your unit;
3. All unauthorized decorations, cameras and other objects have been removed;
4. All nuisance behavior and practices have ceased.

In the event that you fail to comply with the demands by the dates set forth above, the Association will have no alternative but to file a legal action against Kenneth Occhipinti, Gerard Forte, and any tenants/occupants currently occupying the unit, or other interested persons/parties, without further notice, to obtain:

1. Declaratory relief invalidating the above referenced deed;
2. Injunctive relief requiring the removal of any unapproved tenants/occupants from the unit;
3. Injunctive relief requiring that all unauthorized decorations/objects be removed and that all nuisance behavior be ceased; and,
4. Monetary for which you are liable;

Please be advised that, should legal action become necessary, all named defendants will be held responsible for the attorneys' fees and costs incurred by the Association in enforcing the provisions of its governing documents.

PLEASE GOVERN YOURSELF ACCORDINGLY.

TIMOTHY M. MCFARLAND, ESQ.
TMM/gr
cc: Andor Plaza Association, Inc.

OFF. REC. 16258 PG 2592

common elements appurtenant to this apartment.

**SECTION 5:**      *MAINTENANCE, ALTERATION AND IMPROVEMENT*

   5.1   *Apartments.*

   5.1a. *By the Association.* The Association shall maintain, repair and re-place at the Association's expense as follows:

   5.1a(1)  *Scope of Maintenance.* All portions of an apartment, except interior surfaces, contributing to the support of the apartment building, which portions shall include but not be limited to the outside walls of the apartment building and all fixtures on its exterior, boundary walls of apartments, floor and ceiling slabs, loadbearing columns and loadbearing walls;

   5.1a(2)  *Conduits, Ducts, Plumbing, etc.* All conduits, ducts, plumbing, wiring and other facilities within the walls of an apartment for the furnishing of utility services contained in the portions of an apartment maintained by the Association, and all such facilities contained within an apartment that service part or parts of the condominium other than the apartment within which contained; and

   5.1a(3)  *Incidental Damage.* All incidental damage caused to an apartment by such work shall be repaired promptly at the expense of the Association.

   5.1b. *By the Apartment Owner.* The responsibility of the apartment owner shall be as follows:

   5.1b(1)  *Scope of Apartment Owner's Maintenance.* Apartment owners shall maintain, repair and replace at his expense all portions of his apartment balcony, windows, screens, frames, porches, storm shutters, and doors, except the portions to be maintained, repaired and replaced by the Association. Such shall be done without disturbing the rights of other apartment owners.

   5.1b(2)  *Limitations.* Not to paint, decorate or otherwise make any repairs that would change the appearance of any portion of the exterior of the apartment building.

   5.1b(3)  *Report Needed Repairs.* Apartment owners shall promptly report to the Association any defect or need for repairs for which the Association is responsible.

   5.1b(4)  *Access to Apartments.* Any officer of the Association or any agent of the Board shall have the irrevocable right to have access to each Apartment from time to

6

OFF.
REC. 16258 PG 2593

time during reasonable hours as may be necessary for inspection, maintenance, repair or replacement of any Common Element therein or accessible therefrom, or for making emergency repairs therein necessary to prevent damage to the Common Elements or to another Apartment or Apartments. It shall be the obligation of a unit owner to provide the Association with a key to the unit to enable the Association to have access to a unit. Owner shall be liable to the Association for any expense incurred if it is necessary to force entry to a unit.

5.1c. *Alteration and Improvement.* Neither an apartment owner nor the Association shall make any alteration in the portions of an apartment or apartment building that are to be maintained by the Association, or remove any portion of such, or make any additions to them, or do anything that would jeopardize the safety or soundness of the apartment building, or impair any easement, without first obtaining approval in writing of owners of all apartments in which such work is to be done and the approval of the Board of Directors of the Association. A copy of plans for all such work prepared by an architect licensed to practice in this state shall be filed with the association prior to the start of the work.

5.2 *Common Elements.*

5.2a. *By the Association.* The maintenance and operation of the common elements, including all parking spaces, shall be the responsibility of the Association and a common expense.

5.2b. *Alteration and Improvement.* Alterations and improvements of the common elements may be made upon approval of sixty (60) percent of the record owners of all apartments at a duly held meeting of all record owners when notice of the purpose of said meeting is given, provided however, that no alterations or improvements may be made that would affect the living area of any individual condominium unit owner's undivided share in the common elements.

All such improvements shall be assessed against the record owners of each condominium unit in the same proportion as their share in the undivided common elements bear to each other.

The foregoing was adopted as an amendment of Andor Plaza Association, Inc., a corporation not for profit under the State of Florida on the 22nd day of April, 1974.

SECTION 6: *ASSESSMENTS*

6. *ASSESSMENTS.* The making and collection of assessments against apartment owners for common expenses shall be pursuant to the By-Laws and subject to the following provisions:

6.1 *Share of Common Expense.* Each apartment owner

7

# STRALEY | OTTO

January 11, 2019

Kenneth Occhipinti and Gerard Forte
16850 South Glades Drive #2E
North Miami Beach, FL 33162

Re:  Andor Plaza Association, Inc.
 UNPAID ASSESSMENTS - ACCOUNT NO: 2E/OCCHIPINTI-FORTE
 PROPERTY ADDRESS: 16850 South Glades Drive #2E, North Miami Beach, FL 33162

Dear Mr. Occhipinti and Mr. Forte,

You are hereby notified that this office represents Andor Plaza Association, Inc. as general counsel.

## NOTICE OF INTENT TO RECORD A CLAIM OF LIEN

RE:  Unit 2-E of Andor Plaza Association, Inc.

The following amounts are currently due on your account to Andor Plaza Association, Inc., and must be paid within 30 days after your receipt of this letter.  This letter shall serve as the Association's notice of intent to record a Claim of Lien against your property no sooner than 30 days after your receipt of this letter, unless you pay in full the amounts set forth below;

| | | |
|---|---|---|
| 1. | Maintenance due 6/1/18 (after partial payment) | $167.45 |
| 2. | Maintenance due 7/1/18, 8/1/18, 9/1/18, 10/1/18, 11/1/18, 12/1/18 & 1/1/19 @ $234.80/monthly | $1,643.60 |
| 3. | Certified mail charges / Postage 1/11/19 | $7.00 |
| 4. | Attorney fee - Demand letter 1/11/19 | $285.00 |
| | TOTAL OUTSTANDING: | $2,103.05 |



EXHIBIT C

2699 STIRLING